UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. AMBER PIPPIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| 2. HARVARD FAMILY PHYSICIANS, | ) ) ) |
| Defendant. | ) ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1441 and 1446, the Defendant, Harvard Family Physicians, files this Notice of Removal and in support thereof states and alleges as follows:

1. Harvard Family Physicians is the defendant in a civil action filed on December 5, 2014 by the Plaintiff in the District Court of Tulsa County, State of Oklahoma, Case No. CJ-2014-4639 ("State Court Action").

2. This Notice of Removal is filed within 30 days after the Defendant was served with the initial pleading in the State Court Action setting forth the claim for relief upon which such action is based.

3. Plaintiff's Petition filed in the State Court Action alleges a federal law claim against the Defendant under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*) for pregnancy discrimination and a claim arising under the Oklahoma Anti-Discrimination Act. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over the state-law claim pursuant to 28 U.S.C. §1367.

4. As required by Local Rule 81.2, true and correct copies of all pleadings filed in the State Court Action and the docket sheet for the State Court Action are attached to this Notice of Removal.

Respectfully Submitted,

ANDREW & WILLIAMS, P.C.
2120 East 15th Street
Tulsa, Oklahoma 74104
(918) 583-1111
(918) 587-4414 (fax)

By: s/Stephen L. Andrew
Stephen L. Andrew, OBA #294
Renee Williams, OBA #13061

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December __15__, 2014, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Benjamin Oxford
Hans Otto Lehr

There are no parties requiring manual delivery.

s/Stephen L. Andrew
Stephen L. Andrew



Home    Courts    Court Dockets    Legal Research    Calendar    Help

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| AMBER PIPPIN,<br>    Plaintiff,<br>v.<br>HARVARD FAMILY PHYSICIANS PC,<br>    Defendant. | No. CJ-2014-4639<br>(Civil relief more than $10,000: WRONGFUL TERMINATION)<br><br>Filed: 12/05/2014<br><br><br>Judge: Chappelle, Carlos |

## Parties

HARVARD FAMILY PHYSICIANS PC , Defendant
PIPPIN, AMBER , Plaintiff

## Attorneys

| Attorney | Represented Parties |
|---|---|
| OXFORD, BENJAMIN(Bar # 22259)<br>9 EAST 4TH STREET<br>SUITE 600<br>TULSA, OK 74103 | PIPPIN, AMBER |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: WRONGFUL TERMINATION (TERMINATE)
Filed by: PIPPIN, AMBER
Filed Date: 12/05/2014

**Party Name:**                     **Disposition Information:**

**Defendant:** HARVARD FAMILY PHYSICIANS PC          Pending.

## Docket

Case 4:14-cv-00744-GKF-FHM Document 2 Filed in USDC ND/OK on 12/15/14 Page 4 of 11

OCIS Case Summary for CJ-2014-4639- PIPPIN, AMBER v. HARVARD FAMILY PHYSICIANS PC ...

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 12-05-2014 | TEXT | 1 | | 92168874 | Dec 5 2014 2:40:21:400PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 12-05-2014 | TERMINATE | - | | 92168877 | Dec 5 2014 2:40:21:620PM | Realized | $ 0.00 |
| | WRONGFUL TERMINATION | | | | | | |
| 12-05-2014 | DMFE | - | | 92168878 | Dec 5 2014 2:40:21:630PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 12-05-2014 | PFE1 | - | | 92168879 | Dec 5 2014 3:33:15:140PM | Realized | $ 163.00 |
| | PETITION($ 163.00)  Document Available (#1027972981) | | | | | | |
| 12-05-2014 | PFE7 | - | | 92168880 | Dec 5 2014 2:40:21:630PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 12-05-2014 | OCISR | - | | 92168881 | Dec 5 2014 2:40:21:630PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 12-05-2014 | CCADMIN02 | - | | 92168882 | Dec 5 2014 2:40:21:630PM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 12-05-2014 | OCJC | - | | 92168883 | Dec 5 2014 2:40:21:630PM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 12-05-2014 | OCASA | - | | 92168884 | Dec 5 2014 2:40:21:630PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |
| 12-05-2014 | CCADMIN04 | - | | 92168885 | Dec 5 2014 2:40:21:630PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |
| 12-05-2014 | LTF | - | | 92168887 | Dec 5 2014 2:40:21:940PM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | | |
| 12-05-2014 | SMF | - | | 92168888 | Dec 5 2014 2:40:22:050PM | Realized | $ 5.00 |
| | SUMMONS FEE (CLERKS FEE)($ 5.00) | | | | | | |
| 12-05-2014 | SMIMA | - | | 92168889 | Dec 5 2014 2:40:22:160PM | Realized | $ 0.00 |
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | | | |
| 12-05-2014 | TEXT | - | | 92168875 | Dec 5 2014 2:40:21:500PM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CHAPPELLE, CARLOS TO THIS CASE. | | | | | | |

Case 4:14-cv-00744-GKF-FHM Document 2 Filed in USDC ND/OK on 12/15/14 Page 5 of 11

OCIS Case Summary for CJ-2014-4639- PIPPIN, AMBER v. HARVARD FAMILY PHYSICIANS PC ...

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 12-05-2014 | ACCOUNT | - | | 92168918 | Dec 5 2014 2:41:25:470PM | - | $ 0.00 |
| | RECEIPT # 2014-2985173 ON 12/05/2014.<br>PAYOR:OXFORD LEHR TOTAL AMOUNT PAID: $218.70.<br>LINE ITEMS:<br>CJ-2014-4639: $168.00 ON AC01 CLERK FEES.<br>CJ-2014-4639: $6.00 ON AC23 LAW LIBRARY FEE.<br>CJ-2014-4639: $0.70 ON AC31 COURT CLERK REVOLVING FUND.<br>CJ-2014-4639: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.<br>CJ-2014-4639: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.<br>CJ-2014-4639: $2.00 ON AC64 DISPUTE MEDIATION FEES.<br>CJ-2014-4639: $25.00 ON AC79 OCIS REVOLVING FUND.<br>CJ-2014-4639: $10.00 ON AC81 LENGTHY TRIAL FUND. | | | | | | |

Report Generated by The Oklahoma Court Information System at December 10, 2014 16:10 PM

End of Transmission.

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA



DISTRICT COURT
FILED
DEC - 5 2014
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

AMBER PIPPIN,

    Plaintiff,

v.

HARVARD FAMILY PHYSICIANS

    Defendant.

Case No.: CJ-2014-04639

Judge: CARLOS J. CHAPPELLE

JURY TRIAL DEMANDED

ATTORNEY LIEN CLAIMED

## PETITION

COMES NOW, the Plaintiff Amber Pippin ("Plaintiff") and for her petition against Harvard Family Physicians, P.C. ("Defendant") states as follows:

1. Plaintiff is an individual residing in Tulsa County, State of Oklahoma.

2. Defendant is a domestic professional corporation, organized under the laws of the State of Oklahoma, practicing medicine in Tulsa County, State of Oklahoma.

3. The events giving rise to this petition took place in Tulsa County, State of Oklahoma.

4. Personal jurisdiction is appropriate under 12 O.S. § 2004(f) and venue is properly laid according to 12 O.S. § 133.

5. The Plaintiff timely submitted her Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination under the Pregnancy Discrimination Act, and was issued a Dismissal and Notice of Suit Rights on September 8, 2014. **Exhibit 1**.

## FACTS PERTINENT TO ALL CLAIMS

6. Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq*. ("Title VII"), as the Defendant employed more than fifteen (15) people for the statutorily required period.

7. The Plaintiff was an "employee" of Defendant as defined by Title VII, as she was employed by Defendant. There are no applicable exemptions.

8. Defendant hired Plaintiff on February 27, 2014. Plaintiff's first day of work was Tuesday, March 4, 2014. In the time between being hired and her first day at work, Plaintiff learned she was pregnant.

9. On Friday, March 7th, 2014, Plaintiff met with Samantha Vu ("Vu"), Defendant's office manager, to fill out her new-hire paperwork. At that meeting, Plaintiff informed Vu that she was pregnant but was not sure how far along. Exhibiting a paradoxically callous attitude for an office manager of a family physician, Vu asked Plaintiff whether she was going to have an abortion or keep the child. Dumbfounded by this reception, the Plaintiff confirmed she planned to have the child. Having recently had a miscarriage, Plaintiff stated that she needed to see a doctor to obtain medication to prevent a second miscarriage. Vu told Plaintiff to make an appointment with a doctor, and stated that her manager would not be happy about this.

10. Later the same day, Plaintiff was called into a meeting with Vu and another office manager, Patrick. Vu and Patrick stated that because she needed to take off for a prenatal exam and may have other medical issues related to the pregnancy, they weren't sure if they could continue Plaintiff's employment. Plaintiff promised that she would take care of herself and her baby to prevent any complications from arising, and further promised to schedule her doctor's appointments

2

late in the afternoon so that she would only need to miss work a few hours per month.

11. Vu and Patrick told Plaintiff they would consider letting her keep her job and would give her an answer on Monday.

12. When Plaintiff returned to work on Monday, March 10, 2014, she again was called into a meeting with Vu and Patrick. They stated that Plaintiff could keep her job if she could say with one hundred percent certainty that she would not miss any work due to the pregnancy. Plaintiff stated that she would try her best not to miss any work and that her doctor did not give her any restrictions and she was cleared to work full time. Vu said that wasn't good enough, and terminated Plaintiff's employment.

13. Vu gave Plaintiff the option of resigning her employment, so it wouldn't "look bad" on her record. Plaintiff refused, stating that she didn't want to quit, and that she needed the job to help support her growing family. Accordingly, Vu terminated Plaintiff, stating that they didn't "have time for someone who will have to take off work and that could possibly end up having pregnancy related issues." Plaintiff pleaded with Vu not to fire her, and stated that she would take care of herself so as not to need to miss work. Vu stated that they would probably have to fire her later, and it would look better to be fired for pregnancy rather than missing work. Vu then told Plaintiff she could reapply for the job after she had the baby, and provided her a check for the hours she worked.

## COUNT ONE: VIOLATION OF TITLE VII

For her First Count against the Defendant, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and he further alleges and states:

14. Plaintiff was protected from discrimination on the basis of pregnancy, childbirth, or related medical conditions under the provisions of Title VII.

3

15. Defendant terminated Plaintiff's employment on March 10, 2014, and the sole motivating factor was Plaintiff's pregnancy.

16. As a result of Defendant's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

17. Defendant's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

### COUNT TWO: VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT

For her Second Count against the Defendant, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

18. Plaintiff was deprived of her rights under Oklahoma law, in particular 25 O.S. §§1101, *et. seq.* (the "OADA"), and discriminated against by the Defendant on the basis of her pregnancy.

19. The acts and omissions complained of throughout were motivated in full or in part by discrimination, which is contrary to the OADA.

20. As a direct and proximate result of the Defendant's discriminatory acts and omissions, the Plaintiff has suffered compensable injuries under the OADA and its enumerated public policy under *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24.

21. The Plaintiff sustained lost wages, loss employment-provided benefits, emotional distress, mental anguish, fear of the future, humiliation, and other compensable and pecuniary

damages which are recoverable under the Oklahoma law.

22. Defendants' actions were intentional, willful, wanton and malicious, entitling the Plaintiff to recover punitive damages from the Defendant.

**WHEREFORE**, premises considered, the Plaintiff Amber Pippin prays the Court for Judgment against the Defendant Harvard Family Physicians, P.C. and award her damages in excess of the amount required for diversity jurisdiction under Title 28, Section 1332 of the United States Code, in addition to back pay, front pay, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs, and any other remedies the Court deems just and equitable.

By: _____
BENJAMIN OXFORD, OBA #22259
HANS OTTO LEHR, OBA# 30622
OXFORD LEHR, PLLC
9 East 4th Street, Suite 600
Tulsa, OK 74103
ben@oxfordlehr.com
hans@oxfordlehr.com
Tel: (918) 884-6016
Fax: (888) 424-7080

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Amber P. Pippin<br>5409 E. 71st St, Apt. 20<br>Tulsa, OK 74136 | From: | Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2014-18202 | Donna G. Smith,<br>Investigator | (405) 231-4361 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (*briefly state*)

### - NOTICE OF SUIT RIGHTS -
(*See the additional information attached to this form.*)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Donna G. Smith*           September 08, 2014

Enclosures(s)      Holly Waldron Cole,<br>Area Office Director      (*Date Mailed*)

cc:   Patrick Schwartz, Administrator<br>
HARVARD FAMILY PHYSICIANS<br>
HFP 31st Court Building<br>
7912 E. 31st Court<br>
Tulsa, OK 74145

**EXHIBIT A**